DANIEL E. PARK (SBN 174524)
dpark@lurieparklawfirm.com
SHAHRAM A. SHAYESTEH (SBN 209775)
sas@lurieparklawfirm.com
EDWARD KANG (SBN 237751)
edward@lurieparklawfirm.com
ALICE WANG (SBN 270972)
alice@lurieparklawfirm.com
**LURIE & PARK**
3731 Wilshire Blvd., Suite 600
Los Angeles, CA 90010
Telephone: (213) 769-4616
Facsimile: (818) 479-9958

Attorneys for Plaintiffs
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GATEWAY LX6810 COMPUTER PRODUCTS LITIGATION | Master File No. SACV 10-1563-JST (JEMx) |
| This Document Relates To: | <u>CLASS ACTION</u> |
| All Actions. | CONSOLIDATED CLASS ACTION COMPLAINT |

1. Violations of California Civil Code §§ 1770 *et seq.*
2. Violations of California Bus. & Prof. Code §§ 17200 *et seq.*
3. Violations of California Bus. & Prof. Code §§ 17500 *et seq.*
4. Violations of California Civil Code §§ 1792 *et seq.*
5. Strict Liability
6. Breach of Warranty
7. Common Counts

DEMAND FOR JURY TRIAL

LURIE & PARK LLP

Plaintiffs Raymond Kelly, Scott Willcox, Don Sharrio, Stuart M. Rees, Michael R. Frost, Kevin Ellerholz, and Omara Yost, individually and on behalf of all others similarly situated, by their undersigned counsel, allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters, which is likely to have evidentiary support after the opportunity for further investigation and discovery.

## THE PARTIES

1.      Plaintiff Raymond Kelly is an individual who resides in Gloucester County in the State of New Jersey.

2.      Plaintiff Scott Willcox is an individual who resides in Tarrant County in the State of Texas.

3.      Plaintiff Don Sharrio is an individual who resides in Rockingham County in the State of New Hampshire.

4.      Plaintiff Stuart M. Rees is an individual who resides in San Diego County, in the State of California.

5.      Plaintiff Michael R. Frost is an individual who resides in Saginaw County in the State of Michigan.

6.      Plaintiff Kevin Ellerholz is an individual who resides in Ottawa County in the State of Michigan.

7.      Plaintiff Omara Yost is an individual who resides in Johnson County in the state of Iowa.

8.      Defendant Gateway, Inc. ("Gateway") is a Delaware Corporation with its principal place of business at 7565 Irvine Center Drive, Irvine, CA 92618. Gateway is a wholly owned subsidiary of Acer Inc.

9.      The true names or capacities of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each

1   of the Defendants designated herein as a DOE is legally responsible in some

2   manner for the events and happenings herein referred to and intentionally,

3   negligently, or in some other manner was the legal cause of the injuries and

4   damages sustained by Plaintiffs as alleged herein.  Plaintiffs will seek leave to

5   amend this Complaint when the true names and capacity of these Defendants have

6   been ascertained, along with appropriate additional allegations as may be required.

7        10.    Plaintiffs are informed and believe and based thereon allege that, at

8   all times relevant to this Complaint, Defendants, and each of them, were the

9   agents, servants, and employees of each of their Co-Defendants and in doing the

10   things hereinafter alleged, Defendants, and each of them, were acting in the course

11   and scope of their relationship as such agents, servants, and employees, and with

12   the permission, consent, knowledge, and/or ratification of their Co-Defendants,

13   principals, and employers.

14                      **JURISDICTION AND VENUE**

15        11.    The Court has jurisdiction over this action under the Class Action

16   Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class

17   members exceed the sum or value of $5,000,000, exclusive of interests and costs,

18   and this is a class action in which more than two-thirds of the proposed plaintiff

19   class, on the one hand, and Gateway, on the other hand, are citizens of different

20   states.

21        12.    This Court has jurisdiction over Gateway because Gateway maintains

22   its principal headquarters in California, is registered to conduct business in

23   California, has sufficient minimum contacts in California, or otherwise

24   intentionally avails itself of the markets within California through the promotion,

25   sale, marketing and distribution of its vehicles to render the exercise of jurisdiction

26   by this Court proper and necessary.  Moreover, Gateway's wrongful conduct (as

27   described herein) emanates from California and foreseeably affects consumers in

28   California.  Most of the events complained of herein occurred in or emanated from

LURIE & PARK LLP

3

1    Gateway's corporate headquarters in Irvine, California.

2        13.    Venue is proper in this District under 28 U.S.C. section 1391(a)

3    because Gateway resides in this District and a substantial part of the events or

4    omissions giving rise to Plaintiffs' claims occurred in this District.

5                              **GENERAL ALLEGATIONS**

6        14.    Gateway markets, distributes, and warrants the Gateway LX6810

7    desktop computer in the United States.

8        15.    The Gateway LX6810 desktop computer is equipped with a cooling

9    fan that is intended and designed to cool the computer's central processing unit

10   (CPU) and prevent overheating of the CPU.  The LX6810 does not, however, have

11   a case or chassis fan, which is a fan typically designed to expel heated air from the

12   rear of the computer chassis, or an intake fan, which draws cooler air in through

13   the front of the computer chassis.

14       16.    With a dual core processor and 8GB of memory, Gateway specifically

15   represents that the LX6810 computer is capable of running "digital editing, serious

16   gaming and other intensive applications … at lightspeed."  Gateway advertises that

17   the LX6810 is capable of handling numerous intensive applications:

18   "Multitasking? Multimedia? Games? Dominate now!"

19       17.    In reality, however, a defect in the LX6810 computer causes it to

20   frequently freeze, slow down, reboot, crash or shutdown, rendering the computers

21   inoperable and causing the loss of data.  Hundreds, if not thousands, of consumers

22   have experienced these problems with the LX6810.

23       18.    Upon information and belief, the problem stems from inadequate

24   cooling of the components inside the computer.  Computers and, in particular,

25   computer processors are temperature sensitive.  The speed at which a processor

26   can run is related to its temperature (which is why some supercomputers have

27   liquid cooling refrigeration systems).  If a computer and/or its processor gets too

28   hot, the computer may freeze, slow down, reboot, crash or shutdown.  Intensive

applications -- such as the gaming, multitasking, and multimedia applications which Gateway specifically advertised the LX6810 as being capable of handling -- tend to use greater processor capacity and, therefore, increase processor temperature.

19.    Because of its inadequate cooling system and/or other defects, the LX6810 is unable to handle even basic computing needs, much less the intensive applications such as "digital editing, serious gaming and other intensive applications" which it is advertised as being capable of handling at "lightspeed."

20.    It is not reasonably foreseeable or customary in the computer industry for a computer to overheat under normal operating conditions and become inoperable.

21.    The Gateway LX6810 desktop computer is inherently defective in that it overheats under normal operating conditions and thereby freezes, crashes or shuts down, causing its user to lose time, data, and/or work product.  This occurs in part because its CPU cooling fan does not sufficiently cool its CPU and/or component parts, in part  because of the lack of other fans necessary to sufficiently cool the interior of the chassis, and generally because the LX6810 was not designed with a cooling system sufficient to prevent the computer from overheating in connection with normal and intended usage.  Purchasers of the Gateway LX6810 desktop computer are therefore deprived of the benefit of their bargain and forced to endure a computer that randomly freezes, crashes, or shuts down, causing them to lose time, data, and/or work product.

22.    Gateway's failure to repair the this cooling system defect and/or issue a recall harms Plaintiffs and the Class by forcing them to incur out-of-pocket costs and time attempting to resolve this cooling system defect.

23.    Gateway's own website, where its product is displayed for retail sale directly to consumers, is replete with complaints by purchasers of the Gateway LX6810 desktop computer.  Purchasers all report the same problem, that their

Gateway LX6810 desktop computers are overheating, freezing, and/or shutting down unexpectedly due to the failure of the cooling system.  Attached as Exhibit "A" hereto is a copy of a printout from the "Customer Reviews" section of the Gateway LX6810 desktop computer page on Gateway's website at: *http://www.gateway.com/systems/product/529668232.php.*

24.     Purchasers of the Gateway LX6810 desktop computer have posted comments on blogs and other Internet sites complaining about the failure of the cooling system.  Attached as Exhibit "B" hereto are copies of printouts from customer reviews of the Gateway LX6810 desktop computer on *CNET.com.*

25.     Based on reports and consumer complaints, Gateway knew that the LX6810 desktop computer had a defective cooling system, yet Gateway continued to market and sell the Gateway LX6810 desktop computer to consumers.  Gateway has also refused to recall the Gateway LX6810 desktop computer or permanently repair the defective cooling system at its own expense.

26.     Numerous consumers, including certain Plaintiffs (see below), have complained and/or sought warranty repair for the LX6810 defect within Gateway's warranty period.  Nevertheless, Gateway has failed to provide an adequate repair for the defect as required by the terms of its warranty.  Gateway's purported warranty fix to resolve the problem is a BIOS update -- BIOS stands for "basic input/output system," and is essentially the backbone software that runs the computer operating system -- which simply increases the speed of an internal fan in the computer.

27.     The BIOS update is inadequate to resolve the basic lack of cooling ability of the computer, however.  It also results in a constant loud fan noise.  Even if a consumer was capable of updating the BIOS, the LX6810 computers still suffer from the same problems, rendering them unfit for their intended purpose.  Further, the BIOS update results in a constant, loud noise, which, in addition to the defect

LURIE & PARK LLP

CONSOLIDATED CLASS ACTION COMPLAINT

1   itself, further renders the computers less valuable and less useful for their intended

2   applications.

3       28.    As a result of Gateway's practices, Plaintiffs and Class members have

4   purchased computers they otherwise would not have purchased, paid more for the

5   computers than they otherwise would have paid, have been subjected to the loss of

6   time and expense of dealing with a defective product, have been deprived of the

7   benefits of the warranty coverage they bargained for, and have unnecessarily paid

8   and will continue to pay repair costs to resolve the Gateway LX6810 desktop

9   computers' defective cooling system.

10                      **PLAINTIFFS' EXPERIENCES**

11      29.    On March 17, 2009, Plaintiff Raymond Kelly purchased a Gateway

12  LX6810 desktop computer from Best Buy in Deptford, New Jersey for $779.99

13  and $54.59 tax.  On or about June 2009, Plaintiff Kelly began to experience

14  failures with his Gateway LX6810 desktop computer as a result of the computer

15  overheating and freezing or completely shutting down.  At the time of purchase,

16  Plaintiff Kelly was not aware of the defect complained of herein, and as a result,

17  Plaintiff Kelly has suffered injuries and damages in a manner similar to other Class

18  members.

19      30.    In March 2009, Plaintiff Scott Willcox purchased a Gateway LX6810

20  desktop computer from Best Buy in Hurst, Texas for $779.99 and $64.35 tax.  On

21  or about September 2009, Plaintiff Willcox began to experience failures with his

22  Gateway LX6810 desktop computer as a result of the computer overheating and

23  freezing or completely shutting down.  At the time of purchase, Plaintiff Willcox

24  was not aware of the defect complained of herein, and as a result, Plaintiff Willcox

25  has suffered injuries and damages in a manner similar to other Class members.

26      31.    On June 19, 2009, Plaintiff Don Sharrio purchased a Gateway

27  LX6810 desktop computer from Best Buy in Newhington, New Hampshire for

28  $659.99 and no tax.  On or about September 2009, Plaintiff Sharrio began to

1   experience failures with his Gateway LX6810 desktop computer as a result of the

2   computer overheating and freezing or completely shutting down.  At the time of

3   purchase, Plaintiff Sharrio was not aware of the defect complained of herein, and

4   as a result, Plaintiff Sharrio has suffered injuries and damages in a manner similar

5   to other Class members.

6        32.    On or about May 7, 2009, Plaintiff Stuart M. Rees purchased a

7   Gateway LX6810 desktop computer from Best Buy in Mira Mesa, California, for

8   $779.99 and $60.44 tax.  On or about June 2009, Plaintiff Rees began to

9   experience failures with his Gateway LX6810 desktop computer as a result of the

10  computer overheating and freezing or completely shutting down.  From July to

11  August 2009, Plaintiff Rees sent his Gateway LX6810 desktop computer to

12  Defendant Gateway for repair on 3 separate occasions due to the above failures.

13  Each time, Gateway sent it back to Plaintiff Rees with the representation that the

14  computer had been repaired.  Yet, his computer continued to experience the same

15  failures.  At the time of purchase, Plaintiff Rees was not aware of the defect

16  complained of herein, and as a result, Plaintiff Rees has suffered injuries and

17  damages in a manner similar to other Class members.

18       33.    On or about August 6, 2009, Plaintiff Michael Frost purchased a

19  Gateway LX6810 desktop computer from Best Buy. On or about December 2009,

20  Plaintiff Frost began to experience failures with his Gateway LX6810 desktop

21  computer. Specifically, Plaintiff Frost's computer overheats, freezes, and shuts

22  down entirely without warning. Plaintiff Frost and/or his wife thereafter contacted

23  Gateway within the period of warranty about the failures of his Gateway LX6810

24  desktop computer. Gateway failed to provide a cure and eventually did not respond

25  to Plaintiff Frost's request for service. Plaintiff Frost paid for a third party repair

26  and/or service in attempt to remedy the operational failures of his Gateway

27  LX6810 desktop computer.  However, the computer continues to overheat, freeze,

28  and shut down entirely without warning. At the time of purchase, Plaintiff Frost

LURIE & PARK LLP

8

1   was not aware of the defect complained of herein, and as a result, Plaintiff Frost

2   has suffered injuries and damages in a manner similar to other Class members.

3        34.     On or about February 13, 2009, Plaintiff Kevin Ellerholz purchased a

4   Gateway LX6810 desktop computer from Best Buy. Plaintiff Ellerholz

5   immediately experienced operational failure with his Gateway LX6810 desktop

6   computer on the day of purchase. He called Gateway and spoke to a service agent

7   who directed Plaintiff Ellerholz to follow certain procedures, which failed to cure

8   the operational failures. On February 14, 2009, Plaintiff Ellerholz returned his

9   newly purchased computer for another, new Gateway LX6810 desktop computer.

10  On or about April 2009, Plaintiff Ellerholz's Gateway LX6810 desktop computer

11  began to overheat, freeze, and shut down without warning. Plaintiff Ellerholz

12  thereafter contacted Gateway within the period of warranty about the failures of

13  his Gateway LX6810 desktop computer. A Gateway service agent told Plaintiff

14  Ellerholz he could ship his Gateway LX6810 desktop computer to Gateway but

15  that he would have to pay for shipping. Gateway failed to offer any cure to

16  Plaintiff Ellerholz to address the failures of his Gateway LX6810 desktop

17  computer. At the time of purchase, Plaintiff Ellerholz was not aware of the defect

18  complained of herein, and as a result, Plaintiff Ellerholz has suffered injuries and

19  damages in a manner similar to other Class members.

20       35.     Plaintiff Omara Yost purchased a Gateway LX6810 computer from

21  Best Buy in May 2009. Ms. Yost purchased her computer with the intent to use it

22  for gaming.  Within the first few months of her purchase, the computer began

23  repeatedly overheating and shutting down.  In November 2009, she brought the

24  computer back to Best Buy, who shipped it to Gateway for warranty repair.  Rather

25  than repair the computer, Gateway provided her a new LX6810 computer in

26  November 2009.  The new computer experienced the same problems, however, so

27  within a few months she brought it back to Best Buy, who once again shipped it to

28  Gateway for warranty repair.  At that time, Gateway updated the BIOS software,

1  which changed the computer's settings to run an internal fan constantly at a high

2  speed.  Nevertheless, the BIOS update failed to resolve the problem.  Ms. Omara's

3  computer continued to have the same problem with repeatedly overheating and

4  shutting down.  Ms. Omara brought the computer back to Best Buy for the same

5  problems two or three more times, and each time was told it had been fixed, but the

6  same problems have continued to this day. At the time of purchase, Plaintiff Yost

7  was not aware of the defect complained of herein, and as a result, Plaintiff Yost has

8  suffered injuries and damages in a manner similar to other Class members.

9                               **CLASS ACTION ALLEGATIONS**

10        36.     Plaintiffs bring this action, on behalf of themselves and on behalf of

11  all others similarly situated, as a class action, which is defined as follows:

12        All individuals and entities residing in the United States, who currently own

13        or lease or previously owned or leased a Gateway LX6810 desktop

14        computer (the "Class").

15        37.     Excluded from the Class are the Court and Defendants, their officers

16  and directors, families and legal representatives, heirs, successors, or assigns and

17  any entity in which Defendants have or had a controlling interest.

18        38.     Plaintiffs reserve the right to amend or modify the class definition in

19  connection with their motion for class certification or the result of discovery.

20        39.     <u>Numerosity</u>.  The Class is so numerous that joinder of all members is

21  impracticable under the circumstances of this case.  The exact number of class

22  members is unknown to Plaintiffs at this time because that information is within

23  the exclusive control of Defendants.  However, upon information and belief, the

24  putative members of the Class are believed to number in the thousands.

25        40.     <u>Existence and predominance of common questions.</u>  Common

26  questions of law and fact exist as to all members of the Class and predominate

27  over questions affecting only individual Class members, including the following:

28

LURIE & PARK LLP

CONSOLIDATED CLASS ACTION COMPLAINT

(a)     Whether Gateway provided Plaintiffs and the Class with a Gateway LX6810 desktop computer equipped with a defective cooling system;

(b)     Whether the fact that the Gateway LX6810's cooling system is defective and requires repairs would be considered material by a reasonable consumer;

(c)     Whether Gateway has violated the Consumer Legal Remedies Act, Cal. Civ. Code section 1750 *et seq.*;

(d)     Whether Gateway has engaged in unlawful or unfair business practices in violation of California Business and Professions Code section 17200 *et seq.*;

(e)     Whether Gateway breached its warranties and or violated the Song-Beverly Act, Cal. Civ. Code sections 1790 and 1792 *et seq* ;

(f)     Whether Plaintiffs and Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction; and

(g)     Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief.

41.     <u>Typicality.</u>  Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs purchased a Gateway LX6810 desktop computer equipped with the same defective cooling system that is equipped in all other Gateway LX6810 desktop computers.

42.     <u>Adequacy.</u>  Plaintiffs will fairly and adequately represent and protect the interests of the Class because that they have no conflict of interest among themselves or interests antagonistic to or in conflict with those they seek to represent.  Plaintiffs have retained counsel with considerable experience in the prosecution of class actions and/or other forms of complex litigation.  Plaintiffs intend to prosecute this action vigorously.

43. <u>Superiority.</u>  A class action is superior to other available means for the fair and efficient adjudication of this dispute.  In view of the complexity of the issues and the expense that any individual or business entity would incur if they attempted to obtain relief from Defendants, the separate claims of individual class members lack monetary sufficiency to support separate actions.  Because of the size of the individual class members' claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of in this Complaint. Even if Class members could afford such individualized litigation, the court system could not.  In addition to the burden and expense of managing thousands of actions arising from the alleged defect, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44.   The Class is readily definable and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation.  Absent a class action, members of the Class will continue to suffer losses and Defendants' violations of law will be allowed to proceed without remedy, and Defendants will retain millions of dollars received as a result of their wrongdoing.  A class action therefore provides a fair and efficient method for adjudicating this controversy.

45.   The prosecution of separate claims by individual class members would create the risk of inconsistent or varying adjudications with respect to thousands of individual class members, which would, as a practical matter, dispose of the interests of the class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

LURIE & PARK LLP

CONSOLIDATED CLASS ACTION COMPLAINT

46.     The proposed class fulfills the certification criteria of Federal Rules of Civil Procedure, Rule 23.  Accordingly, certification is appropriate.

## COUNT I

## FOR VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

## CALIFORNIA CIVIL CODE §§ 1770 ET SEQ.

### [Against All Defendants]

47.     Plaintiffs and the Class reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

48.     The circumstances giving rise to Plaintiffs' and the Class's allegations, including the design, development and marketing of the defective Gateway LX6810 desktop computer, occurred in the State of California. Additionally, Gateway maintains its corporate headquarters in Irvine, California. Accordingly, application of California law is appropriate.

49.     Defendants are a "person" under California Civil Code section 1761(c).

50.     Gateway LX6810 desktop computers are "goods" under California Civil Code section 1761(a).

51.     Plaintiffs Raymond W. Kelly, Scott Willcox, Don Sharrio, Stuart M. Rees, Michael R. Frost, Kevin Ellerholz, Omara Yost, and Class members are "consumers" under California Civil Code section 1761(d).

52.     Plaintiffs Raymond W. Kelly, Scott Willcox, Don Sharrio, Stuart M. Rees, Michael R. Frost, Kevin Ellerholz, Omara Yost, and Class members engaged in "transactions" under California Civil Code section 1761(e), including the purchase or lease of one or more Gateway LX6810 desktop computers.

53.     As alleged herein, Defendants' acts, policies, and practices undertaken in transactions intended to result and which did result in the sale or lease of Gateway LX6810 desktop computers violate sections 1770(a)(5) ("Representing that goods or services have sponsorship, approval, characteristics,

1 ingredients, uses, benefits, or quantities which they do not have or that a person

2 has a sponsorship, approval, status, affiliation, or connection which he or she does

3 not have."); 1770(a)(7) ("Representing that goods or services are of a particular

4 standard, quality, or grade, or that goods are of a particular style or model, if they

5 are of another").

6    54.    The existence of the defect in the Gateway LX6810's cooling system

7 is a material fact. Plaintiffs and the Class were unaware of the Gateway LX6810's

8 defective cooling system when they purchased the Gateway LX6810. Consumers

9 value reliability and dependability of computers, especially with respect to

10 functions that affect their ability to operate without sudden interruption and loss of

11 potentially valuable data. A reasonable consumer expects that a desktop computer

12 will operate without overheating and suddenly and unexpectedly freezing,

13 crashing, or shutting down. Had they known that the Gateway LX6810's cooling

14 system was defective, Plaintiffs and Class members would not have purchased or

15 leased the Gateway LX6810 desktop computer.

16    55.    Defendants have a duty to repair or recall the Gateway LX6810's

17 cooling system so that it does not cause the Gateway LX6810 to overheat,

18 experience sudden and unexpected freezes, crashes, or shut downs. Despite

19 attempts by consumers to have their Gateway LX6810's cooling system repaired

20 and/or recalled, Defendants have refused to remedy this problem.

21    56.    Pursuant to California Civil Code § 1782, Plaintiffs and the Class

22 seek an injunction to restrain Defendants, and each of them, from engaging in the

23 unlawful, unfair, deceptive, untrue, and misleading business acts alleged herein.

24    57.    Pursuant to California Civil Code § 1782, on October 25, 2010,

25 Plaintiffs Kelly, Willcox, Sharrio and Degroot gave notice to Defendants of the

26 particular violations of Civil Code § 1770 alleged above and demanded that

27 Defendants correct, repair, replace, or otherwise rectify the Gateway LX6810's

28 cooling system. On November 3, 2010, Gateway sent a letter to Plaintiffs' counsel

LURIE & PARK LLP

14

1   stating that they had allegedly corrected the Gateway LX6810's cooling system by

2   suggesting customers install a BIOS upgrade and Gateway would not make any

3   further corrections, repairs, replacements or other remedies.

4       58.     On November 23, 2010, Plaintiffs Frost and Ellerholz gave notice to

5   Defendants of the particular violations of Civil Code § 1770 alleged above and

6   demanded that Defendants correct, repair, replace, or otherwise rectify the

7   Gateway LX6810's cooling system.

8       59.     Plaintiffs allege that Gateway has not corrected the Gateway

9   LX6810's cooling system at all and therefore have not made the "appropriate

10   correction, repair, replacement, or other remedy" required by Civil Code §

11   1782(b).  Accordingly, Plaintiffs also seek the remedies set forth in Civil Code §§

12   1780(a) (actual damages), 1780(b) (senior citizen or disabled), and 1780(d) (court

13   costs and attorneys' fees).

**COUNT II**

**VIOLATIONS OF THE UNFAIR BUSINESS PRACTICES ACT**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.**

**[Against All Defendants]**

18      60.     Plaintiffs and the Class reallege and incorporate by reference all

19   preceding paragraphs as though fully set forth herein.

20      61.     The circumstances giving rise to Plaintiffs and the Class's allegations,

21   including the design, development and marketing of the defective Gateway

22   LX6810 desktop computer, occurred in the State of California.  Additionally,

23   Gateway maintains its corporate headquarters in Irvine, California.  Accordingly,

24   application of California law is appropriate.

25      62.     By engaging in the above-described acts and practices, Defendants

26   have committed one or more acts of unfair competition within the meaning of Bus.

27   & Prof. Code §§ 17200 *et seq*.

28      63.     Defendants committed "unlawful" business acts and practices by:

LURIE & PARK LLP

15

(a)    Engaging in conduct that violates the Consumer Legal Remedies Act, California Civil Code §§ 1770(a)(5) and 1770(a)(7) *et seq.*;

(b)    Engaging in conduct that violates the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 *et seq.*;

(c)    Engaging in unfair business practices by marketing and selling the Gateway LX6810 desktop computer with a defective cooling system as described above; and

(d)    Engaging in unfair business practices by refusing to permanently repair or recall the Gateway LX6810's defective cooling system.

64.    Defendants committed "unfair" business acts and practices by, among other things:

(a)    Engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs and to other Class members; and

(b)    Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and to other Class members.

65.    Specifically, Defendants engaged in unfair business acts and practices by selling defective Gateway LX6810 desktop computers that, during normal operation, experienced overheating, freezing, and/or complete shut down.

66.    As a proximate result of the above alleged acts of Defendants, and each of them, Defendants have wrongfully injured and will continue to injure Plaintiffs and the Class in that, among other things:

(a)    Plaintiffs and the Class would not have bought or leased the Gateway LX6810 desktop computer at the price that they did;

(b)    Plaintiffs and the Class's Gateway LX6810 desktop computers have a lower market value than they otherwise would have if not for their defective cooling systems;

(c)    Plaintiffs and the Class have paid for repairs and replacement parts that they would not and should have not paid for; and

(d)    Plaintiffs and the Class were denied their right to receive a product free from defects.

67.    As a proximate result of the above alleged acts of Defendants, and each of them, Defendants have been unjustly enriched as a result of their wrongful conduct and by their unfair competition as herein alleged. Defendants' alleged conduct is continuing and unless restrained, Defendants will continue to engage in such conduct.

## COUNT III

## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW - CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 ET SEQ.

### [Against All Defendants]

68.    Plaintiffs and the Class reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

69.    The California False Advertising Law makes it unlawful for any person to, *inter alia*, "make or disseminate or cause to be made or disseminated from this state before the public in any state, in any ... advertising device ... any statement, concerning that real or personal property ..., or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, ...."

70.    As alleged above, Defendants specifically advertised the LX6810 computer as being capable of handling intensive applications. Defendants represented that the device was capable of running "digital editing, serious gaming and other intensive applications ... at lightspeed," and further that the LX6810 is capable of handling numerous intensive applications: "Multitasking? Multimedia?

17

CONSOLIDATED CLASS ACTION COMPLAINT

1  Games? Dominate now!"

2      71.    In reality, as described above, the LX6810 computer was defectively

3  designed and manufactured such that it frequently overheats, reboots, and shuts

4  down, causing data losses and other related problems when it is used for both non-

5  intensive and intensive applications.  Thus, the above statements and Defendants'

6  advertising was false and deceptive.

7      72.    As a direct result of Defendants' false and deceptive statements,

8  Plaintiffs and the members of the class have been injured in fact, in that they

9  purchased LX6810 computers in reliance on Defendants' false and misleading

10  statements as to the benefits and capabilities of the computers.

11      73.    Under California Business and Professions Code § 17535, Plaintiffs

12  seek, on their own behalf and on behalf of the class members, an order enjoining

13  Defendants from continuing to engage, use, or employ any act prohibited by the

14  False Advertising Law, and restoring all monies that have been acquired as a result

15  of Defendants false and misleading statements.

16                                    **COUNT IV**

17          **VIOLATIONS OF THE SONG-BEVERLY WARRANTY ACT,**

18              **CALIFORNIA CIVIL CODE §§ 1790, ET SEQ.**

19                          **[Against All Defendants]**

20      74.    Plaintiffs and the Class reallege and incorporate by reference all

21  preceding paragraphs as though fully set forth herein.

22      75.    The Gateway LX6810 computers were sold with an express warranty

23  which states that Gateway warrants the computers will be free from defects within

24  the warranty period and that Gateway will repair or replace defective products or

25  refund the amount paid for the product.

26      76.    Further, under the Song-Beverly Consumer Warranty Act, California

27  Civil Code §§ 1790 *et seq.*, every sale of consumer goods in the State of California

28

LURIE & PARK LLP

CONSOLIDATED CLASS ACTION COMPLAINT

1   is accompanied by both a manufacturer's and retail seller's implied warranty that

2   the goods are merchantable.

3          77.    Plaintiffs and the Class each purchased one or more Gateway LX6810

4   desktop computers, which are "consumer goods" within the meaning of California

5   Civil Code § 1791(a).

6          78.    Defendants are in the business of manufacturing and selling Gateway

7   LX6810 desktop computers to retail buyers, such as Plaintiffs and the Class, and

8   are therefore are a "manufacturer" and "seller" within the meaning of California

9   Civil Code § 1791.

10         79.    Gateway breached and continues to breach its express warranties by

11   engaging in the conduct alleged herein.  Specifically, Gateway LX6810 desktop

12   computers were and are defective within the warranty period for the reason

13   discussed herein.  The defects alleged herein existed at the time of sale of the

14   Gateway LX6810 desktop computers.

15         80.    Further, Gateway has breached its express warranty because it has

16   failed to rectify the defects as warranted.  Plaintiffs and members of the Class have

17   attempted to obtain warranty service within the warranty period but Gateway's

18   purported fix – a BIOS update that merely increases an internal fan speed – fails to

19   rectify the defect and causes the computers to emit a constant, loud noise which

20   further devalues the computers and renders them unfit for their intended purpose.

21         81.    Defendants also impliedly warranted to Plaintiffs and the Class that

22   the Gateway LX6810 desktop computer is of merchantable quality and fit for the

23   ordinary purposes for which the computer is used.

24         82.    As described above, Defendants have breached the implied warranty

25   of merchantability because the Gateway LX6810 desktop computer sold to

26   Plaintiffs and the Class was not of the same quality as those generally acceptable

27   in the trade and was not fit for the ordinary purposes for which such goods are

28   used, in that it overheats under normal operating conditions and thereby freezes,

1  crashes or shuts down, causing Plaintiffs and the Class to lose time, data, and/or

2  work product.

3     83.    As a direct and proximate cause of Gateway's breach of the express

4  warranty and the implied warranty of merchantability, Plaintiffs and the Class

5  sustained damages and other losses in an amount to be determined at trial.

6  Gateway's conduct has caused Plaintiffs and the Class to incur compensatory

7  damages, consequential damages, diminution in value, costs, attorneys' fees, and

8  interest.

9     84.    Gateway is, therefore, required to either pay damages or reimburse

10  the buyer the purchase price and incidental damages pursuant to Civil Code §§

11  1793.2(d) and 1794.

12                          **COUNT V**

13                        **STRICT LIABILITY**

14                     **[Against All Defendants]**

15     85.    Plaintiffs and the Class reallege and incorporate by reference all

16  preceding paragraphs as though fully set forth herein.

17     86.    Defendants manufactured, designed, assembled, tested, inspected,

18  packaged, distributed, marketed and sold the Gateway LX6810 desktop computers

19  and their component parts for consumer purchase and use.

20     87.    Defendants placed a product, the Gateway LX6810 desktop

21  computer, containing a defective component part on the market, knowing the

22  product was to be purchased and used without inspection for defects by Plaintiffs

23  and the Class.

24     88.    Defendants took no steps to warn consumers of the cooling system

25  defect described above that are inherent in the Gateway LX6810 desktop

26  computer.

27     89.    Plaintiffs and the Class purchased and used the Gateway LX6810

28  desktop computer without inspection for defects.

LURIE & PARK LLP

20

CONSOLIDATED CLASS ACTION COMPLAINT

90.     Plaintiffs and the Class were not aware of any defects in the Gateway LX6810 desktop computer at any time prior to the damages caused by the defects.

91.     As a proximate result of the manufacturing and/or design defects inherent in the Gateway LX6810 desktop computer, Plaintiffs and the Class have been damaged monetarily while using the Gateway LX6810 desktop computer in the ordinary manner in which it is intended.

## COUNT VI
## BREACH OF WARRANTY
### [Against All Defendants]

92.     Plaintiffs and the Class reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93.     Gateway provides an express limited warranty with the LX6810 computers which states that Gateway warrants the computers will be free from defects in materials and workmanship within the warranty period and that Gateway will repair or replace defective products or refund the amount paid for the product. The purchase price of the computer includes the warranty, which is part of the basis of the bargain.

94.     Notably, Gateway's LX6810 warranty states consumers may take their computers to a Gateway authorized service facility for warranty service and repair.  On information and belief, Best Buy is an authorized Gateway service facility—and Best Buy has represented this fact to the consuming public and the class.  Accordingly, plaintiffs are third party beneficiaries of the agreements between Gateway and Best Buy.

95.     Gateway also impliedly warranted to consumers that the LX6810 computers were of merchantable quality, would pass without objection in the trade or business, were free from material defects and were reasonably fit the use for which they were intended.

96.   Plaintiffs and the class members based their decisions to purchase the computers on the skill and judgment of the Defendants.

97.   Defendants breached and continue to breach the express and implied warranties by engaging in the conduct alleged herein.  Specifically, the LX6810 computers were defective at the time of sale and within the warranty period for the reasons discussed herein.

98.   Further, Gateway has breached its warranty because it has failed to rectify the defects as warranted.  Plaintiffs and members of the Class have attempted to obtain warranty service within the warranty period but Gateway's purported fix – a BIOS update the merely increases an internal fan speed -- fails to rectify the defect and causes the computers to emit a constant, loud noise which further devalues the computers and renders them unfit for their intended purpose.

99.   Plaintiffs and proposed class members have been and continue to be damaged by Gateway's breach of its express warranties because Plaintiff and class members have paid for repairs to their computers or have spent money to buy replacement computers that should have been covered by Gateway.  Further, as a result of Gateway's breach of its express warranties, Plaintiff and class members have suffered damages in an amount to be determined at trial.

100.   Plaintiffs and the other class members are entitled to legal and equitable relief against Gateway, including damages, specific performance, rescission, restitution, attorneys' fees, costs of suit, and other relief, as appropriate

**COUNT VII**

**COMMON COUNTS, ASSUMPSIT, AND DECLARATORY RELIEF**

**[Against All Defendants]**

101.   Plaintiffs and the Class reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.   Defendants became indebted to Plaintiffs and the Class for money had and received by Defendants and monies paid to Defendants or its agents at

1   Gateway's insistence and request, by which Defendants have benefitted from its

2   unlawful conduct in terms of receiving revenues and profits from Plaintiffs and the

3   Class from the sale of the defective computers.  Defendants appreciated the benefit

4   of the receipt of such excessive revenues and profits.  Defendants have received

5   this excessive revenue either directly or indirectly from Plaintiffs and Class

6   members.

7       103.   As a result of Defendants' sale of the defective computers described

8   above, Defendants have been unjustly enriched at Plaintiffs' and Class members'

9   expense.  Under the circumstances, it would be against equity and good conscience

10  to permit Defendants to retain the ill-gotten benefits it received from Plaintiffs and

11  other Class members in light of the material fact the Gateway LX6810 desktop

12  computers were not what Defendants represented them to be.

13      104.   By virtue of equitable principles in quasi-contract and assumpsit,

14  Plaintiffs and other class members are entitled to a return of such monies and the

15  establishment of a constructive trust consisting of the benefits conferred by

16  Gateway customers in the form of the excessive revenues or profits derived from

17  Defendants' wrongful sale of the computers at issue, and the return of any monies

18  by which Defendants were unjustly enriched to Plaintiffs and other class members.

19  The Court should also issue declaratory relief to declare the rights and

20  responsibilities of the parties pursuant to the provisions of California Code of Civil

21  Procedure § 1060.

## PRAYER FOR RELIEF

23      WHEREFORE, Plaintiffs, individually, and on behalf of the members of the

24  Class, pray for judgment against Defendants, and each of them, as follows:

25      1.   For an order certifying that this action may be maintained as a class

26  action and appointing Plaintiffs and their counsel to represent the Class;

27      2.   For compensatory damages, incidental damages, consequential

28  damages, statutory damages, and diminution in value;

LURIE & PARK LLP

23

3.      For reasonable attorneys' fees and costs;

4.      For pre-judgment interest and post-judgment interest;

5.      For restitution of contractual and monetary benefits which were wrongfully obtained and retained by means of the unlawful, unfair, deceptive, and/or fraudulent business practices alleged herein, pursuant to Business and Professions Code § 17203 and 17535;

6.      For disgorgement of all profits which were wrongfully obtained and retained by means of the unlawful, unfair, deceptive, and/or fraudulent business practices alleged herein, pursuant to Business and Professions Code § 17203 and 17535;

7.      For injunctive relief to restrain Defendants, and each of them, from engaging in the unlawful, unfair, deceptive, untrue, and misleading business acts alleged herein; and

8.      For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the members of the Class, hereby demand a jury trial.

DATED:  February 9, 2011                        LURIE & PARK


By: _____
      Shahram A. Shayesteh

DANIEL E. PARK (SBN 174524)
dpark@lurieparklawfirm.com
SHAHRAM A. SHAYESTEH (SBN 209775)
sas@lurieparklawfirm.com
EDWARD KANG (SBN 237751)
edward@lurieparklawfirm.com
ALICE WANG (SBN 270972)
alice@lurieparklawfirm.com

24

LURIE & PARK LLP

CONSOLIDATED CLASS ACTION COMPLAINT

LURIE & PARK
3731 Wilshire Blvd., Suite 600
Los Angeles, CA 90010
Telephone:  (213) 769-4616
Facsimile:  (818) 479-9958


WILLIAM J. DOYLE II (SBN 188069)
bill@doylelowther.com
JAMES R. HAIL (SBN 202439)
jim@doylelowther.com
ALYSON AMERSON (SBN 231218)
alyson@doylelowther.com
**DOYLE LOWTHER LLP**
9466 Black Mountain Road, Suite 210
San Diego, CA 90071
Tel:   (619) 573-1700
Fax:   (619) 573-1701


STEVEN A. SCHWARTZ (*pro hac vice* pending)
SAS@Chimicles.com
TIMOTHY N. MATHEWS (*pro hac vice* pending)
TNM@Chimicles.com
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Tel:   (610) 642-8500
Fax:   (610) 649-3633


THOMAS E. GLYNN (SBN 223429)
tom@glynnlawgroup.com
**GLYNN LAW GROUP**
9466 Black Mountain Road, Suite 215
Tel:   (858) 271-1100
Fax:   (858) 876-1530


Attorneys for Plaintiffs

CONSOLIDATED CLASS ACTION COMPLAINT