UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1563-JST (JEMx)                                 Date:  July 21, 2011
Title:  In re Gateway LX6810 Computer Products Litigation

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:**     (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (Doc. 31)

Before the Court is Defendant's Motion to Compel Arbitration.[1] (Doc. 31.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for July 25, 2011, at 10:00 a.m. is removed from the calendar.  Having read the papers and for the reasons set forth below, the Court GRANTS Defendant's Motion.

**I. Background**

Plaintiffs in this case allege that they purchased defective Gateway LX6810 desktop computers.  (Consolidated Compl., Doc. 17, ¶¶ 17, 29-35.)  Plaintiffs make the following seven claims in their Consolidated Complaint: (1) violations of the Consumer Legal Remedies Act ("CLRA"); (2) violation of the Unfair Business Practices Act ("UCL"); (3) violation of California False Advertising Law; (4) violations of the Song-Beverly Warranty Act; (5) strict liability; (6) breach of warranty; (7) common counts, assumpsit, and declaratory relief.  (*See id.*)  Each of the LX6810 computers came with a Limited Warranty that included a Dispute Resolution Provision ("DRP").  The DRP states:

---

[1] The Court stayed this action pending the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1563-JST (JEMx)                                      Date:  July 21, 2011

Title:  In re Gateway LX6810 Computer Products Litigation

> You and Gateway agree that any Dispute between you and Gateway will be resolved exclusively and finally by arbitration administered by the National Arbitration Forum (NAF) and conducted under its rules, except as otherwise provided below. You and Gateway will agree on another arbitration forum if NAF ceases operations.  The arbitration will be conducted before a single arbitrator, and will be limited solely to the Dispute between you and Gateway.  The arbitration, or any portion of it, will not be consolidated with any other arbitration and will not be conducted on a class-wide or class action basis.

(Hogan Decl., Doc. 31, ¶ 2, Ex. 1, § 7.)  Defendant argues that Plaintiffs' assent to the DRP deprives this Court of jurisdiction over the claims and compels Plaintiffs to settle their disputes with Defendant through arbitration.

**II. Legal Standard**

The Federal Arbitration Act ("FAA") espouses a general policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms. *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010) (internal citations omitted).  Thus, federal courts are required to rigorously enforce an agreement to arbitrate. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). When deciding a motion to compel arbitration, the Court is not to review the merits of the case, but must determine only (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce; (2) whether there exists a valid agreement to arbitrate; and (3) whether the dispute falls within the scope of the agreement to arbitrate.  *See Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991).  Arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (internal quotation marks omitted).

Here, Plaintiff argues that the DRP is unenforceable because (1) the designation of NAF as the arbitrator is integral to the DRP, but the NAF no longer arbitrates consumer fraud claims;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 10-1563-JST (JEMx)            Date:  July 21, 2011

Title:  In re Gateway LX6810 Computer Products Litigation

(2) the DRP is unconscionable; and (3) Plaintiffs seek injunctive relief under the CLRA and UCL, which is not an available remedy in arbitration.  (Opp'n, Doc. 34, at 2-3.)  The Court is not persuaded by any of Plaintiff's arguments.

**III. Analysis**

      First, "[o]nly if the choice of forum is an integral part of the agreement to arbitrate, rather than an ancillary logistical concern will the failure of the chosen forum preclude arbitration."  *Reddam v. KPMG, LLP*, 457 F.3d 1054, 1060 (9th Cir. 2006) (quoting *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000)).  Plaintiff relies on the out-of-circuit decision in *Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. 2011), which held that a similar arbitration clause selecting NAF as the arbitrator and providing for penalties should NAF not be used, was integral to the arbitration provision.  This case before the Court differs, however, because the DRP anticipates the possibility that the chosen forum may no longer be available and explicitly states "[y]ou and Gateway will agree on another arbitration forum if NAF ceases operations."  (Hogan Decl. ¶ 2, Ex. 1, § 7.)  This language clearly rebuts Plaintiffs' argument that the choice of NAF as arbitrator is "integral" to the DRP.

      Plaintiffs argue that this language is unenforceable because of the general rule that "where any of the essential elements of a promise are reserved for the future agreement of both parties, no legal obligation arises until such agreement is made."  *Herman v. Cnty. of L.A.*, 119 Cal. Rptr. 2d 691, 693 (Cal. Ct. App. 2002).  As noted above, however, the fact that the DRP explicitly anticipates that there might be a different arbitrator serves as evidence that, although the decision to arbitrate, rather than litigate, is integral to the DRP, the decision regarding who would be the arbitrator was an ancillary logistical concern, in this case, simply a choice of forum.  As such, it is *not* an "essential element[]" of the DRP.  *See id.*  Moreover, not only is there "nothing unlawful or even unusual about contracting parties agreeing to cross certain bridges when they are reached," but also, section five of the FAA permits the courts to name a substitute arbitrator.  *See id.*; *see also* 9 U.S.C. § 5.  Therefore, the Court rejects Plaintiffs' arguments that this language is unenforceable.

      Second, the Court concludes that the DRP is not unconscionable.

> [U]nconscionability has both a "procedural" and a "substantive" element, the former focusing on "oppression" or "surprise" due to unequal bargaining power, the latter on "overly harsh" or "one-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 10-1563-JST (JEMx) | Date:  July 21, 2011 |
| Title:  In re Gateway LX6810 Computer Products Litigation | |

>    sided" results.  The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.  But they need not be present in the same degree. . . . [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (first and second alterations in original) (internal quotation marks and citations omitted).  Plaintiffs argue that the DRP is substantively unconscionable, because it does not allow litigants to combine their claims into class actions.  Under California law, courts are instructed not to enforce unconscionable contracts, and to limit the application of any unconscionable contract clause.  *See* Cal. Civ. Code § 1670.5(a).  Prior to the Supreme Court's decision in *Concepcion*, the California Supreme Court held that a class-action waiver in an arbitration agreement that was part of an adhesion contract could be unconscionable (and thus unenforceable) if found to constitute a deliberate scheme to cheat large numbers of consumers of relatively small amounts of money. *Discover Bank v. Superior Court*, 113 P.3d 1100, 1110 (Cal. 2005).  In *Concepcion*, the Supreme Court held that the FAA preempts California's *Discover Bank* rule.  "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Concepcion*, 131 S. Ct. at 1743.  Thus, the Court holds that, despite the class-action waiver, the DRP is not substantively unconscionable.

      Plaintiffs also argue that the DRP is procedurally unconscionable because Plaintiffs cannot see the paper version of the DRP until after they have purchased and opened their computers' packaging; because Plaintiffs cannot be expected to read the DRP when clicking through the screens on their computers; and because the DRP is part of an adhesion contract. (Opp'n at 12-13.)  The Court agrees with Defendants that none of the cases on which Plaintiffs rely supports their arguments.  Rather, Plaintiffs' procedural unconscionability argument is indistinguishable from the assertion that the DRP was contained within a contract of adhesion.  In California, "a contract of adhesion is fully enforceable according to its terms unless certain other factors are present which, under established legal rules—legislative or judicial—operate to render it otherwise." *Graham v. Scissor-Tail, Inc.*, 623 P.2d 165, 172 (Cal. 1981) (internal citations omitted); *see also Concepcion*, 131 S. Ct. at 1750 ("[T]he times in which consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 10-1563-JST (JEMx)                              Date:  July 21, 2011
Title:  In re Gateway LX6810 Computer Products Litigation

contracts were anything other than adhesive are long past.").  Thus, the Court concludes that Plaintiff has not shown that the DRP is procedurally unconscionable.

Finally, Plaintiffs argue that their claims for injunctive relief under the CLRA and UCL are nonarbitrable under California law and therefore the DRP is unenforceable.  (*See* Opp'n at 18-19.)  Again, as noted above, "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."  *Concepcion*, 131 S. Ct. at 1743.  Thus, the Court holds that Plaintiffs' claims for injunctive relief must be resolved in arbitration pursuant to the DRP.

**IV. Conclusion**

For the foregoing reasons the Court GRANTS Defendant's Motion to Compel Arbitration.  The proceedings are STAYED pending completion of arbitration.  The Court ORDERS the parties to file a joint status report within ten (10) days of completion of the arbitration proceedings or by January 16, 2012, whichever is earlier.

Initials of Preparer:  enm